IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM HARRIS,

                                                  OPINION AND ORDER

             Plaintiff,

                                                  20-cv-1058-bbc

     v.

AGENT HALEY PUCKER AND
SUPERVISOR KAREN SCHMITZ,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff William Harris has filed a civil action under 42 U.S.C. § 1983, alleging that he is incarcerated even though he has completed all three of his prison and extended supervision sentences. In particular, he contends that defendants Haley Pucker and Karen Schmitz, parole officers from Fond du Lac County, detained him in July 2020 and successfully sought revocation of his extended supervision, even though he was no longer on extended supervision. Plaintiff is now incarcerated at Fox Lake Correctional Institution. Plaintiff's complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

      Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994), which prohibits a plaintiff from bringing claims for damages if judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." Id. Under Heck, a plaintiff cannot bring any claim for damages under § 1983 challenging a criminal conviction,

revocation of probation or the duration of his confinement or supervised release unless the plaintiff has prevailed in a habeas corpus proceeding challenging the conviction or duration of his confinement or supervised release.  Id.; Spencer v. Kemna, 523 U.S. 1, 17 (1998) (application of Heck to parole revocation hearing); Williams v. Wisconsin, 336 F.3d 576, 579 (7th Cir. 2003) (application of Heck to "fact or duration" of parole); Knowlin v. Thompson, 207 F.3d 907, 909 (7th Cir. 2000) ("[A claim that] would necessarily imply the invalidity of [the prisoner's] Wisconsin parole revocation . . . cannot be shown through a § 1983 suit.").

In this instance, plaintiff has not established the invalidity of his parole revocation or confinement by showing that he prevailed in a habeas corpus proceeding.  As a result, he cannot bring a challenge to his revocation or confinement under § 1983.  I will dismiss plaintiff's claims without prejudice.  Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996) ("When a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice.").  Plaintiff may raise his claims in a petition for a writ of habeas corpus in this court, but he should be aware that such a petition would have to be dismissed immediately unless he can show that he has presented his claims to the Wisconsin courts and has been denied relief at the trial and appellate levels, 28 U.S.C. § 2254(b)(1)(A), or that there is no state corrective process available to him, § 2254(b)(1)(B).

ORDER

IT IS ORDERED that plaintiff Williams Harris's complaint is DISMISSED under Heck v. Humphrey, 512 U.S. 477, 487 (1994). The clerk of court is directed to close this case.

Entered this 21st day of January, 2021.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge